UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>PHILLIP AARON et al.,<br><br>                    Defendants. | CASE NO. 2:21-cv-00568-DGE<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT |

## I   INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Substitute (Dkt. No. 38) and Plaintiff's renewed Motion for Leave to File First Amended Complaint (Dkt. No. 28). For the reasons stated herein, the Court GRANTS Plaintiff's Motion to Substitute and GRANTS Plaintiff leave to file an amended complaint.

## II   BACKGROUND

On April 28, 2021, Plaintiff United States filed suit against Defendants Phillip and Gladies Aaron to determine the couple's outstanding tax liabilities. (Dkt. No. 1 at 1.) Plaintiff

asked the Court to reduce to judgment the outstanding federal tax assessments against Defendants, find that federal tax liens attach to a parcel of improved property located in King County (the Subject Property), and determine the validity and priority of the lens and claims of all the parties as to the Subject Property. (*Id.* at 1– 2.)

On November 15, 2021, Mr. Aaron passed away. (Dkt. No. 26-2 at 1.) In light of Mr. Aaron's unexpected passing, the Parties jointly moved to extend various deadlines. (*See generally* Dkt. No. 26.) On December 30, 2022, Ms. Aaron filed a "Suggestion of Death," thereby triggering the 90-day period in which Plaintiff could move to substitute the personal representative of Mr. Aaron's estate under Federal Rule of Civil Procedure 25(a). (*See* Dkt. No. 26-2 at 1.) Ms. Aaron stated, "[f]or the purpose of substitution of parties, Defendant Gladies Aaron also reports her belief that she, Defendant Gladies Aaron, will be the personal representative of Defendant Phillip Aaron's estate." (*Id.*)

Around April 27, 2022, Defendant notified Plaintiff's counsel that Mr. Aaron's son, Phillip R. Aaron,[1] would be the personal representative of his estate. (Dkt. No. 28-3 at 2–3.) On May 4, 2022, Plaintiff moved to amend its Complaint in two ways: (1) substitute Personal Representative of the Estate of Phillip R. Aaron for Defendant Phillip Aaron; and (2) convert its third claim for declaratory judgment to a claim to foreclose federal tax liens on the Subject Property. (*Id.* at 1.)

The Court denied without prejudice Plaintiff's motion to substitute under Federal Rules of Civil Procedure 15 and 16 and directed Plaintiff to seek substitution under Federal Rule of Civil Procedure 25. (Dkt. No. 33 at 5, 37.) At a status conference held on June 27, 2022, the

---

[1] Defendant Phillip Aaron and his son, Phillip R. Aaron, have the same name. To avoid confusion, the Court refers to Mr. Aaron's son as Phillip R. Aaron in this Order.

Court reserved ruling on the foreclosure issue until after Plaintiff filed its Motion to Substitute. (Dkt. No. 37.)  The Court now considers together Plaintiff's Motion to Substitute (Dkt. No. 38) and Motion for Leave to Amend to add its foreclosure claim (Dkt. No. 28).

### III    DISCUSSION

**A. Plaintiff's Motion to Substitute**

1. <u>Federal Rule of Civil Procedure 25(a)</u>

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party . . . If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Although the language of Rule 25 suggests mandatory dismissal if a motion to substitute is not filed within 90 days, this is not how courts have interpreted it.  Instead, courts read Rule 25 in conjunction with Federal Rule of Civil Procedure 6(b) "to provide the intended flexibility in enlarging the time for substitution." *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017).  *See also* Fed. R. Civ. P. 25 Advisory Committee Note to 1963 Amendment ("The motion may not be made later than 90 days after the service of the statement unless the period is extended pursuant to Rule 6(b)").

A court may, for good cause, extend the time to move to substitute beyond 90 days, if the party failed to act because of excusable neglect.  *See* Fed. R. Civ. P. 6(b)(1)(B).  Whether a litigant establishes excusable neglect is discretionary.  *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004).  In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the United States Supreme Court established a four-part balancing test for determining whether there had been excusable neglect. *Pincay*, 389 F.3d at 855.  Accordingly, in exercising its discretion, the court considers: "(1) the danger of prejudice to the non-moving party, (2) the

length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Id.* (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

      2.   <u>Plaintiff Establishes Excusable Neglect Under the *Pioneer* Factors</u>

With respect to the first factor, Defendant raises only one source of potential prejudice. Defendant argues Plaintiff's delay in substituting parties is prejudicial because its original action against Defendants was filed four days before the statute of limitation would bar collection for tax year 2008, which is one of the earlier years from which Plaintiff seeks collection. (*See* Dkt. No. 39 at 5.) Thus, if the Court dismissed the case against Mr. Aaron, Plaintiff would only have four days to refile. (*Id.*)

Defendant's argument is unavailing. Plaintiff's delay in substituting Mr. Aaron is unrelated to whether Plaintiff initially filed suit near the statute of limitations. Defendant does not offer legal support for her argument.[2] Accordingly, Defendant has failed to offer a compelling reason for the Court to conclude that Plaintiff's delay in moving to substitute has unduly prejudiced Defendant in this lawsuit.

---

[2] Defendant erroneously cites *Zanowick*, however, this case does not stand for the proposition Defendant suggests. *Zanowick* examines whether district courts must dismiss an action with prejudice under Rule 25(a)(1). 850 F.3d at 1093. It does not consider whether prejudice results due to the timing of filing an action. Indeed, *Zanowick* makes only the following fleeting remark about statutes of limitation:

> The original Rule 25(a) functioned as a statute of limitations. . . . As such, Rule 25(a) dismissals were with prejudice because the normal policy of a statute of limitation is to close the door . . . . However, the 1963 amendments that provide the current Rule 25(a) were meant to liberalize substitution after death.

*Zanowick*, 850 F.3d at 1095.

Regarding the second factor, Defendant argues Plaintiff unnecessarily delayed filing its Motion to Substitute by 97 days. (Dkt. No. 39 at 2.) This statement, however, does not account for Plaintiff's first filing requesting substitution. Plaintiff initially moved to substitute Mr. Aaron for the personal representative of his estate on May 4, 2022, and Defendant raised no objection. (Dkt. Nos. 28 at 1; 29 at 6.) Although the Court denied Plaintiff's motion because it filed under the incorrect procedural rule, Plaintiff's filing provided Defendant notice of its intention to substitute parties. Thus, Defendant has been aware at least since May 4, 2022—35 days after the 90-day deadline—that Mr. Aaron would likely be substituted for Mr. Phillip R. Aaron, personal representative of his estate. District courts have accepted delays similar to the 35-day delay in this case. *See, e.g.*, *Gravelle v. Kiander*, No. C13-1911JLR, 2016 WL 194741, at *3 (W.D. Wash. Jan. 15, 2016) (holding a 22-day delay did not warrant dismissal); *Brown v. Mt. Grant Gen. Hosp.*, No. 3:12-CV-00461-LRH, 2013 WL 4523488, at *11 (D. Nev. Aug. 26, 2013) (finding that a 35-day delay in filing a Rule 25(a) motion did not prejudice the defendants or the judicial proceedings where the defendants themselves filed the suggestion of death and "they surely expected Plaintiffs to file the Motion to Substitute"). Accordingly, the Court finds the delay will likely have little impact on Defendant and the proceedings.

The third factor—the reason for delay—was largely Plaintiff's confusion regarding the identity of the personal representative of Mr. Aaron's estate. Plaintiff argues it relied on Defendant's assertion Ms. Aaron would be named personal representative and thus did not move for substitution to avoid redundancy. (Dkt. No. 38 at 4.) Defendant appears to offer two arguments in opposition. First Defendant argues "[t]he identity of the representative is irrelevant to the 90-day deadline." (Dkt. No. 39 at 3.) Indeed, there is a split among district courts in the Ninth Circuit as to whether "a defendant who files a suggestion of death [is required] to either

identify a successor or to serve the notice on the nonparty successor." *In re MGM Mirage Sec. Litig.*, 282 F.R.D. 600, 603 (D. Nev. 2012).  Therefore, Defendant is correct in asserting Plaintiff is not relieved of responsibility simply because Defendant failed to identify a non-party successor.  However, excusable neglect is a "somewhat 'elastic concept' . . . not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co.*, 507 U.S. at 392.  Additionally, courts have enlarged the deadline to substitute a deceased party where the identity of a non-party successor cannot be ascertained within the timeline.  *See, e.g., In re MGM Mirage Sec. Litig.*, 282 F.R.D. at 603.  Similar cause for enlargement exists here where Plaintiff discovered the non-party successor's identity after the 90-day deadline.

Next Defendant argues, even if Plaintiff believed the personal representative to be Ms. Aaron, it should have moved to substitute given that the Complaint did not include Ms. Aaron in her capacity as personal representative of Mr. Aaron's estate. (Dkt. No. 39 at 3.)  However, Plaintiff does not seek to substitute Ms. Aaron in her capacity as a personal representative of Mr. Aaron's estate; thus, whether Plaintiff should have moved to substitute Ms. Aaron in her capacity as a personal representative is not the question before the Court.  Therefore, the Court finds no compelling reason to dismiss the action under Rule 25(a).

Finally, as to the fourth *Pioneer* factor, Defendant does not argue Plaintiff delayed substitution in bad faith. (*See generally* Dkt. No. 39.)  Moreover, Plaintiff claims it held no dilatory motive and Defendant offers no evidence to the contrary. (*See* Dkt. No. 38 at 5.)  For the reasons set forth, the Court finds Plaintiff's failure to timely file a Rule 25(a) motion for substitution was due to excusable neglect.  Accordingly, the Court GRANTS Plaintiff's motion to substitute.

**B. Plaintiff's Motion for Leave to Convert its Claim for Declaratory Judgment to a Claim for Foreclosure**

    1.  <u>Federal Rules of Civil Procedure 15 and 16</u>

If a party moves to amend a pleading after the deadline, the Court conducts a two-pronged analysis.  First, a party must establish "good cause" to amend the scheduling order under Federal Rule of Civil Procedure 16(b)(4).  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Id.* at 609.  If the party seeking the extension failed to act diligently, good cause does not exist, and the inquiry ends.  *Id.*  If the party shows good cause, a court will assess whether the proposed amendment is proper under Rule 15(a).

    2.  <u>Plaintiff Establishes Good Cause to Modify the Scheduling Order</u>

Good cause to modify the pretrial schedule exists, "'if [a deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 Advisory Committee Notes (1983 amendment)).  Plaintiff demonstrates diligence in seeking leave to amend its claim for declaratory judgment to a claim to foreclose federal tax liens on the Subject Property.

Plaintiff explains, when it filed suit in April 2021, "the United States Department of Justice, Tax Division was not pursuing foreclosure suits on principal residences[.]"  (Dkt. No. 28 at 2.)  Because the Subject Property was Mr. and Ms. Aaron's principal residence, Plaintiff brough a claim for a declaratory judgment that federal tax liens encumbered the Subject Property.  (*See* Dkt. No. 1 at 8.)  Plaintiff asserts it continued to evaluate conditions of the COVID-19 pandemic, but the rising COVID-19 hospital admissions and percentage of occupied inpatient hospital beds between April 2021 and August 2021prevented it from seeking a foreclosure remedy before the amended pleading deadline in August 2021.  (Dkt. No. 31 at 2–3)

ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT - 7

1  (citing COVID-19 community level, KINGCOUNTY.GOV).  Plaintiff argues foreclosure is now
2  appropriate because COVID-19 cases have decreased since April 2021 and vaccines and boosters
3  are widely available.  (*Id.*)
4        On the other hand, Defendant argues statistics show COVID-19 was more prevalent
5  when Plaintiff sought leave to amend (318 new COVID-19 cases per 100,000 residents on May
6  4, 2022), then it was when Plaintiff filed its Complaint (130 new COVID-19 cases per 100,000
7  residents on April 27, 2021).  (Dkt. No. 39 at 5.)  Despite this increase, Defendant's argument
8  fails to account for the increased prevalence of vaccines and boosters.  Therefore, the Court finds
9  Plaintiff was reasonably diligent and shows good cause for modifying the case schedule.
10       3.   Amendment is Appropriate Under Rule 15(a)
11       In general, courts "should freely give leave [to amend a pleading] when justice so
12 requires." Fed. R. Civ. P. 15(a).  As a result, courts should grant leave to amend "[i]n the
13 absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on
14 the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,
15 undue prejudice to the opposing party by virtue of allowance of the amendment, futility of
16 amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Prejudice carries the greatest
17 weight in the Court's analysis. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052
18 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors,
19 there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*
20       Defendants raise two arguments against amendment—undue delay and undue prejudice.
21 (Dkt. No. 29 at 6.)

ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT - 8

        *a. Plaintiff's Motion for Leave to Amend Was Not Unduly Delayed*

"Whether there has been 'undue delay' should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date." *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798–99 (9th Cir. 1991)). Defendant argues leave should be denied because Plaintiff moved to amend 13 months after filing its Complaint and "failed to adequately explain why this delay was appropriate or warranted" beyond "a vague rational" alluding to "COVID-related policies." (Dkt. No. 29 at 8.) However, as discussed above, the Court finds Plaintiff acted diligently in light of changing COVID-19 circumstances between April 28, 2021 and May 4, 2022. *See supra*, Section III.B.2. When Plaintiff moved to amend on May 4, 2022, discovery had not yet closed, and the trial was over five months away. (Dkt. No. 27.) Thus, the Court finds no undue delay in the context of the case schedule.

        *b. Defendant Fails to Show Prejudice*

To show prejudice, "[t]he non-moving party must do more than merely assert prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely'." *Wizards of the Coast LLC*, 309 F.R.D. at 653 (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)).

Defendant argues that she will be prejudiced because she "did not have to consider the different legal theories and evidence that are needed to defend against a suit to foreclose" before this amendment. (Dkt. No. 29 at 9.) Even so, Plaintiff first moved to amend on May 4, 2022, during the early stages of the proceedings. Therefore, Defendant has been on notice of Plaintiff's intent to amend since this time. Further, although Plaintiff would have to file a

separate suit, it would be entitled to seek foreclosure if it obtains the declaratory relief it seeks. In the interest of judicial economy, allowing Plaintiff to amend its Complaint would permit the claims against Defendant to proceed as one action.

Defendant fails to establish undue prejudice because, in large part, "[a] foreclosure claim does not present alternate or additional legal theories from a claim for declaratory judgment." (Dkt. No. 38 at 6.) Plaintiff acknowledges Defendant can raise an additional defense under *United States v. Rodgers*, 461 U.S. 677 (1983), and therefore, "agrees to extend discovery for as long as Defendant needs to develop that defense" in order to cure potential prejudice. (*Id.*) Discovery closed on July 5, 2022, and trial is scheduled to begin October 31, 2022. (Dkt. No. 27.) Accordingly, the Court invites the Parties to confer and file a joint motion to reopen discovery and continue the trial date, if necessary, for Defendant to develop her defense against foreclosure.

### IV     CONCLUSION

Accordingly, and having considered Plaintiff's motions, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Plaintiff's Motion to Substitute (Dkt. No. 38) is GRANTED. Plaintiff's Motion for Leave to Amend (Dkt. No. 28) is GRANTED. Plaintiff may amend to convert its claim for declaratory judgment to a claim for foreclosure.

It is further ORDERED that the parties shall confer and identify new possible dates for trial (and unavailable dates), keeping in mind that the discovery deadline will be approximately 120 days before the new trial date. The parties should file a stipulated motion for a new trial date and to reopen discovery no later than August 26, 2022. If the parties cannot agree on the

potential new potential trial dates, Plaintiff shall file its motion for a new trial date no later than August 26, 2022.

Dated this 10th day of August 2022.

David G. Estudillo
United States District Judge